JOHN M. CANDA *et al.*, Respondents, *v.* THOMAS H. ROBBINS,
Appellant.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Attachment. Vacation.*—Where the defendant lives with his wife in a
house in New Jersey, is assessed there for personal property, has
registered and voted there, and stated that his residence is there, he is
a non-resident of this state.

Appeal from order denying motion to vacate a warrant of
attachment.

*Charles F. Brandt*, for appellant.

*J. Woolsey Shepard*, for respondent.

BARNARD, P. J.—The fact of non-residence is fully es-
tablished by the papers. The defendant owns a house with
the furniture in Brooklyn. William A. Robbins, his son,
resided in it. The defendant is a brick maker, residing in
Keyport, N. J.

The proof of this is made up by a variety of circumstances.
He lives with his wife in a house upon the brickyard
premises. He is proven to have stated that his place of
residence was in New Jersey. He is not assessed for per-
sonal property in Brooklyn. He is not registered as a voter
there. He is registered as a voter in New Jersey, and
voted there in November, 1888.

He is assessed for personal taxes in New Jersey; he has
his business letters sent to New Jersey. The point taken
that the affidavit made by the voting clerk as to defendant's
voting in New Jersey is not authenticated by a certificate as
required for record, is not controlling. There is proof that

defendant's name is on the poll list of the voters who voted at the November election, and the fact is not denied by defendant.

The order should be affirmed, with costs and disbursements.

DYKMAN and PRATT, JJ., concur.